UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

BRANDON TRAVIS NORMAND
Plaintiff,

vs.

SHERIFF DOUGLAS ANDERSON,
MAJOR STEVE MARTEL,
LIEUTENANT RAYMOND SMITH,
DEPUTY JOHN LEMOINE, and
DEPUTY FLOYD LAPRAIRIE
Defendants.

CASE NO.: 1:20-CV-177

JUDGE DEE D. DRELL

MAGISTRATE   JUDGE   JOSEPH
PEREZ-MONTES

**JURY TRIAL REQUESTED**

---

# ORIGINAL COMPLAINT

---

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE
WESTERN DISTRICT OF LOUISIANA, ALEXANDRIA DIVISION:

# INTRODUCTION

1.      This case is about whether Louisiana jailors may continue to imprison a man

they know ought to be free.

2.      The United States Circuit Court for the Fifth Circuit has held that jailors may not imprison inmates longer than their sentences. In fact, published and recent Fifth Circuit precedent recognized that **"There is a Clearly Established Right to Timely Release from Prison."**[1]

3.      Once a prisoner's sentence has expired, his jailor has a reasonable amount of time to process and release him. Federal courts have repeatedly held that the phrase "reasonable time" means some amount of time less than 48 hours[2]. In other words, an inmate who has already served his entire court-ordered sentence must be released within a reasonable time not to exceed two days. Any minute more is unconstitutional and illegal.

4.      A jury is often asked to decide whether an overdetention of *less* than 48 hours is constitutional[3],   and juries have found that delay of as little as thirty minutes is

---

[1] *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) (emphasis in the original).

[2] *Barnes v. District of Columbia*, 793 F. Supp. 2d 260 (D.D.C. 2011) ("In recognition of these facts, courts appear to agree that the maximum permissible administrative delay in the overdetention context likely falls well short of the 48-hour horizon set out in *McLaughlin.*"). That is because once a detainee is ordered released, the public's interest in his prompt release is even greater, and the constitutional tolerance for "administrative delay" is substantially less than in the context of arrestees  awaiting probable cause determinations – which must come within 48 hours. *See Berry v. Baca,* 379 F.3d 764, 771-72 (9th Cir. 2004); *Powell v. Barrett*, 376 F.Supp.2d 1340, 1353 (N.D.Ga. 2005),

[3] *Berry v. Baca*, 379 F.3d 764, 77072 (9th Cir.2004) (twenty-nine hour delay presented question for jury); *Arline v. City of  Jacksonville*, 359 F.Supp.2d 1300, 1310 (M.D.Fla.2005) (two and a half hour delay presented jury question).

unconstitutional[4].  But federal courts  across the country have held, unequivocally, that a detention *beyond* 48 hours of an inmate's known  sentence is unreasonable and illegal. Indeed, "[t]he [United States District Court for the Northern  District of Georgia] has been unable to find **any case**, whether within or outside of the Eleventh Circuit,  in which the detainment of a properly identified individual for *days* beyond his scheduled release date was held constitutionally permissible."[5]

5.      Plaintiff Brandon Normand should have been a free man on March 25, 2019. But because of the Defendants' unconstitutional and illegal overdetention policy and practices, Mr. Normand did not leave the Avoyelles Parish Detention Center until May 14, 2019, and only after he pro se filed a writ of habeas corpus and secured an order of release from a Judge of the Twelfth Judicial District Court.

6.      Thus, the Avoyelles Parish Sheriff's Office defendants imprisoned Plaintiff Brandon Normand for 49 days (1176 hours) past the maximum reasonable time because Brandon was unable to pay purported warrant and booking fees to the Avoyelles Parish Sheriff's Office.

7.      As federal district courts and federal courts across the country have held, the Avoyelles Parish Sheriff's Office's   practices are unconstitutional and illegal.

---

[4] *Davis v. Hall*, 375 F.3d 703, 713 (8th Cir. 2004).

[5] *Powell v. Barrett*, 376 F.Supp.2d 1340, 1354 (N.D.Ga. 2005) (bolded emphasis added).

Mr. Normand files this lawsuit to prevent the Avoyelles Parish Sheriff's Office from DOING THIS AGAIN.

## Brandon's Story

8.      On May 3, 2018, Brandon Normand was arrested in Bunkie, Louisiana, on a state arrest warrant for Criminal Trespassing in violation of LA R.S. 14:63[6] and Simple Criminal Damage to Property in violation of LA R.S. 14:56.[7]

9.      On June 12, 2018, the District Attorney filed separate Bills of Information charging Mr. Normand with Simple Criminal Trespass in violation of LA RS 14:63 (Docket No. 207453) and Simple Criminal Damage to Property in violation of LA RS 14:56 (Docket No.  207454) [Exhibits A & B].

10.     That same date Brandon Normand was brought into court before Judge William J. Bennett for arraignment, was found to be indigent, and the court appointed the Indigent Defender Board to represent the plaintiff. Brandon waived formal arraignment and pled not guilty.  Trial was set for September 27, 2018 [Please see Minute Entries of June 12, 2018, Exhibits C & D].

---

[6]  LA Rev Stat § 14:63G. The following penalties shall be imposed for a violation of this Section: (1) For the first offense, the fine shall be not less than one hundred dollars and not more than five hundred dollars, or imprisonment for not more than thirty days, or both.

[7] LA Rev Stat § 14:56B.(1) Whoever commits the crime of simple criminal damage to property where the damage is less than one thousand dollars shall be fined not more than one thousand dollars or imprisoned for not more than six months, or both.

11.    After Indigent Defender Alissa P. Tassin was appointed to represent him, Brandon entered a guilty plea on September 27, 2018 before Judge William J. Bennett to the aforesaid charges and was placed on probation on condition of enrolling in the Avoyelles Parish Drug Court Program [See Minute Entries of September 27, 2018, Exhibits C & D].

12.    Upon return to the Avoyelles Parish Detention Center 1, Brandon was not released so he could commence his probationary term and the drug court enrollment.

13.    Within the Avoyelles Parish Detention Center 1 the prisoners, pretrial, as well as parish and Department of Corrections inmates, are afforded resort to a photocopied "Offender Request Form" whereby they make enquiries and requests of the correctional staff.  The form allows a prisoner to check off the party to whom the request is addressed, including: a. WARDEN; CHIEF OF SECURITY; ADMIN LT; MAIL ROOM; BOOKING; PROPERTY; OFFENDER ACCOUNTING; and WORK RELEASE.  There is a section on the bottom of the form where the staff would provide a written response. Brandon started a process of completing and submitting such forms to ascertain why he was not being released.  He only received oral responses from correctional officers that he owed warrant and booking fees.

14.    Defendant filed a *pro se* Motion for Habeas Corpus and was brought back to the 12th Judicial District Court on November 13, 2018.  The Presiding Judge vacated

Brandon's prior guilty plea and conviction and set aside the sentence imposed on September 17, 2018. The court set Brandon's bond at a $5,000.00 Release on Own Recognizance (ROR).

15.     Upon return to the Avoyelles Parish Detention Center 1, Brandon was not released pursuant to the ROR bond set by Judge Bennett.  Brandon again submitted an "Offender Request Forms" to ascertain why he was not being released.  He again only received oral responses from correctional officers that he owed warrant and booking fees.

16.     On March 25, 2019, after 327 days (10 months, 23 days) of confinement, Brandon entered a guilty plea to both charges and was sentenced to five (5) months confinement, to be served concurrently, in the Avoyelles Parish confinement facility with credit for time served since January 1, 2018, and commuted to time served [See Minute Entries of March 25, 2019, Exhibits C & D].

17.     Because he completed his sentence, Brandon should have walked free that day or the next.

18.     Brandon was not released from the Avoyelles Parish confinement facility and again tried to ascertain the cause for his continued custody.  He submitted an "Offender Request Form" asking why he was still in custody, and received a written response that he was being held in custody because he owed a $400 in warrant fees

and $30 in booking fees from an earlier incarceration and $50.00 in warrant fees and $30.00 in booking fee on the current confinement.

19.     Brandon spoke to Lieutenant Smith, Deputy Lemoine, Deputy LaPrairie and other correctional officers about his sentence and being kept in custody. They all advised him of a long existent policy and practice within the Avoyelles Parish Sheriff's Office to hold inmates and prisoners beyond the end of their sentence of confinement or posting of bail to induce payment of fees.  He was advised that a prisoner could apply to the Chief Deputy Steve Martel or Sheriff Douglas Anderson for a waiver of the fees to seek his release.  He prepared and submitted several more "Offender Request Form" seeking such waiver, but was advised that Sheriff Douglas Anderson or Chief Deputy Martel denied his request.

20.     But Sheriff Douglas Anderson and Chief Deputy Steve Martel did not grant Brandon a waiver, and neither Lieutenant Smith, Deputy Lemoine, Deputy LaPrairie nor any other correctional officer released Brandon. In this case, the Sheriff Department Defendants knew that this Avoyelles Parish Sheriff's Office policy would result in Brandon remaining incarcerated past his release date.

21.     On April 12, 2019, Brandon filed yet another handwritten "Writ of Habeas Corpus" seeking his release from confinement, attaching to it the response he received that he was being held for non-payment of warrant fees and booking fees

[Exhibit E]. The matter was set for hearing initially on April 23, 2019, but was continued until May 14, 2019.

22.    On that date, Judge William J. Bennett ordered Brendan released from incarceration and from any booking fees and warrant fees as per applicable law, on order which was finally obeyed by the Avoyelles Parish Sheriff's Office.  Brandon was released.

23.    Jailors should not be capricious with the lives of those in their custody.  This suit seeks to end the Defendants' caprice.

## JURISDICTION AND VENUE

24.    Plaintiff's claim arises under the Constitution and the laws of the United States. This Court has  jurisdiction over Plaintiff's claims of federal rights violations, enforceable under the Fourth, Fifth, and Fourteenth  Amendments and 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331, 1343(a)(3). This Court has jurisdiction over Plaintiff's Louisiana false imprisonment claim in accordance with 28 U.S.C. § 1367.

25.    The venue is proper in the Western District of Louisiana under 28 U.S.C. § 1391(b)(2). All of the events giving rise to these claims occurred in Avoyelles Parish, Louisiana, situated in  the Western District of Louisiana.

# THE PARTIES

## *Plaintiff*

26.     Plaintiff **Brandon Normand** is of suitable age and capacity to file this suit. At all relevant time during this suit, including his wrongful confinement in Marksville, Plaintiff was a resident of Avoyelles Parish in the Western District of Louisiana.

## *Defendants*

27.     Defendant **Douglas Anderson** is the elected Sheriff of Avoyelles Parish Sheriff's Office, and a final  policymaker. He is sued in his individual and official capacity as Officer Ex Officio of the Avoyelles Parish Sheriff's Office and the Avoyelles Parish Law Enforcement District. On information and belief, he is domiciled in Avoyelles Parish in the Western District of Louisiana.

28.     Defendant **Steve Martel** is the Chief Deputy for the Avoyelles Parish Sheriff's Office and an employee of Sheriff Douglas Anderson, acting under color of State Law and within the scope and course of his employment.  He is sued in his individual capacity. On information and belief, he is domiciled in the Western District  of Louisiana.

29.     Defendant **Raymond Smith** is a Lieutenant for the Avoyelles Parish Sheriff's Office and an employee of Sheriff Douglas Anderson, acting under color of State Law

and within the scope and course of his employment. He is sued in his  individual capacity. On information and belief, he is domiciled in Avoyelles Parish in the Western District of Louisiana.

30.     Defendant **John Lemoine** is a corrections officer for the Avoyelles Parish Sheriff's Office and an employee of Sheriff Douglas Anderson, acting under color of State Law and within the scope and course of his employment. He is sued in his individual capacity. On information and belief, he is domiciled in Avoyelles Parish in the Western District of Louisiana.

31.     Defendant **Floyd Laprarie** is a corrections officer for the Avoyelles Parish Sheriff's Office and an employee of Sheriff Douglas Anderson, acting under color of State Law and within the scope and course of his employment. He is sued in his individual capacity. On information and belief, he is domiciled in Avoyelles Parish in the Western District of Louisiana.  (Collectively, Sheriff Anderson, Chief Deputy Martel, Lieutenant Smith, Deputy Laprarie, and Deputy LaPrairie are the "Sheriff's Office Defendants").

## <u>FACTS</u>

## <u>A.</u>     <u>Defendants Overdetained Brandon Despite Actual Knowledge That He  Should Be Released</u>

32.     Plaintiff realleges and incorporates each and every foregoing paragraph.

33.     The Avoyelles Parish Sheriff's Office has a policy of holding inmates in custody – regardless of whether they should be free or in custody – until the prisoner or his family pays the warrant and booking fees assessed against him, or the fees are waived by the Chief Deputy or the Sheriff.

34.     During his incarceration in the Avoyelles Parish Detention Center 1, Brandon spoke to other prisoners and correctional officers, who confirmed the historical policy and practice of the Avoyelles Parish Sheriff's Office to continue in custody those who had not paid booking and warrant fees.

## B.     The Avoyelles Parish Sheriff Has an Explicit Policy of Indefinite Detention

35.     The Avoyelles Parish Sheriffs Office Defendants have instituted or adhered to a policy of indefinite detention for certain persons in their custody.

36.     When a criminal defendant is sentenced in Avoyelles Parish and purportedly owes warrant or booking fees, the Avoyelles Parish Sheriff's Office initiates a "debtor's prison."

37.     Chief Deputy **Martel** has advised that 74% of the funding of the Avoyelles Parish Sheriff's Office comes from its corrections operation[8], and that includes warrant and booking fees assessed against criminal defendants. It is a policy of

---

[8] https://www.kalb.com/content/news/Avoyelles-Parish-jail-in-Bunkie-shuts-down-414809923.html

indefinite confinement because the Avoyelles Parish Detention Center does not release such prisoners until the fees are paid or unless the Sheriff or Chief Deputy grants a waiver of the fees.

38.    The Avoyelles Parish Sheriff's Office defendants implement this policy even when they know it unlawfully results in overdetention – as with Brandon Normand. In Brandon's case, that policy of indefinite detention resulted in at least fifty-one (51) days of overdetention.

39.    As jailors, Avoyelles Parish Sheriff Office defendants have a legal duty to timely release those in their custody. They had actual knowledge from their conversations with Brandon and the many "Offender Request Forms" he submitted concerning his overdetention that he should be released. They thus acted unreasonably and unlawfully in not releasing him as soon reasonably possible.

## C.    <u>The Avoyelles Parish Sheriff's Office Has Long-Running Pattern of Over- detention</u>

40.    Brandon's experience is not unique nor even unusual. Sheriff Office Defendants have demonstrated a pattern of holding inmates past the time they are supposed to be released.

# CLAIMS FOR RELIEF

## Count One

## Violation of Due Process Clause of Fourteenth Amendment
## 42 U.S.C. § 1983
## (All Defendants)

41.     Plaintiff realleges and incorporates each and every foregoing paragraph.

42.     The Fourteenth Amendment's Due Process Clause is violated where a prisoner remains  incarcerated after the legal authority to hold him has expired. *Douthit v. Jones*, 619 F.2d 527, 532 (5th  Cir. 1980). No privilege enables a jailer to detain a prisoner beyond the period of his lawful sentence.  *Whirl v. Kern,* 407 F.2d 781, 791 (5th Cir. 1968); *Powell v. Barrett*, 376 F. Supp. 2d 1340, 1351 (N. D.  Ga. 2005) (detainee has constitutional right to be free from continued detention after it was or should  have been known that he was entitled to release).

43.     Once a prisoner's sentence has expired, his jailor has a reasonable amount of time to process and  release him. That reasonable time, however, <u>must be well short of forty-eight hours</u>. *Barnes v. District of Columbia*, 793 F. Supp. 2d 260 (D.D.C. 2011) ("In recognition of these facts, courts appear to agree that  the maximum permissible administrative delay in the overdetention context likely falls well short

of the  48-hour horizon set out in *McLaughlin.*"). That is because once a detainee is ordered released, the  public's interest in his prompt release is even greater, and the constitutional tolerance for "administrative delay" is substantially less than in the context of arrestees awaiting probable cause determinations. *See Berry v. Baca,* 379 F.3d 764, 771-72 (9th Cir. 2004); *Brass v. County of Los Angeles*, 328 F.3d 1192, 1202 (9th Cir.2003); *Powell v. Barrett*, 376 F.Supp.2d 1340, 1353 (N.D.Ga. 2005).

44.     Within the 48-hour period, however, it is often a question for juries what is reasonable or  unreasonable. *See, e.g., Young v. City of Little Rock*, 249 F.3d 730 (8th Cir. 2001) (resulting in $100,000  jury verdict (upheld on appeal) for plaintiff for 1 hour overdetention at court holding cell and 2 ½ hours  at jail after release order); *Barnes, supra,* ("[E]ven a thirty-minute detention after being ordered released could work a violation of a prisoner's constitutional rights under the Fourteenth Amendment."); *Arline v.  City of Jacksonville*, 359 F.Supp.2d 1300, 1310 (M.D.Fla.2005) (two and a half hour detention following acquittal presented jury question under Fourth Amendment).

45.     Here, the Judge of the 12th Judicial District Court clearly established Brandon's right to liberty on March 25, 2019, by sentencing him to five (5) months confinement each count concurrent, with credit for time served and commuted to time served.

46.     But the Avoyelles Parish Sheriffs Office Defendants have instituted and adhered to a policy of indefinite detention for certain persons in their custody.

47.     The fact that Brandon was not released for fifty-one days after his sentence expired, after factoring in the reasonable amount of time to effectuate his release, means that he was overdetained for a period of more than forty-nine days.

48.     As a result of the overdetention described in this Count, Brandon suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries.

49.     By depriving Brandon of his fundamental right to liberty, Defendants violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. As Defendants were acting under the color of state law, Plaintiff's claims are actionable under 42 U.S.C. § 1983.

50.     As a direct and proximate cause of the violations of constitutional rights by the Defendants, Brandon suffered general and special damages as alleged in this Complaint and are entitled to compensatory damages, attorney's fees, and costs pursuant to 42 U.S.C. § 1988, and any other relief the Court deems just.

## Count Two

### Failure to Adopt Policies
### Violation of Due Process Clause of Fourteenth Amendment
### 42 U.S.C. § 1983
### (Douglas Anderson)

51.     Plaintiff realleges and incorporates each and every foregoing paragraph.

52.     "A failure to adopt a policy can be deliberately indifferent when it is obvious that the  likely consequences of not adopting a policy will be a deprivation of constitutional rights." *Rhyne v. Henderson Cnty.,* 973 F.2d 386, 392 (5th Cir.1992).

53.     Defendant Douglas Anderson is the elected Sheriff and final policy-maker of the Avoyelles Parish Sheriff's Office.

54.     Sheriff Anderson has adopted and his Chief Deputy and other subordinates have implemented the aforesaid policy of indefinite incarceration or debtor's prison to facilitate to collection of fees from prisoners.

55.     As a result, prisoner sentenced to probation or time served and the posting of bail or property bonds are ignored to promote the funding of the Avoyelles Parish Sheriff's Office or to accede to community outrage, regardless of the prisoners' financial status or indigence.

56.     But there is a whole class of inmates for whom their sentence must be released immediately to avoid overdetention – those who were sentenced to credit for time served and who spent  at least that much time in confinement before trial.

57.     Therefore, it is the obvious consequence of Sheriff Anderson's illegal policy and failure to adopt a legal policy that a whole class of inmates would be overdetained. Brandon Normand was in that class.

58.     Unless Sheriff Anderson fashions a new policy for the Avoyelles Parish Sheriff's Office, people will continue to be predictably illegally incarcerated in the Detention Centers in Marksville and Cottonport.

59.     In failing to adopt policy to prevent predictable overdetention, Sheriff Anderson acted with  deliberate indifference, if not intent, to violate the Due Process Clause of the Fourteenth Amendment.

## Count Three

### Failure to Intervene
### Violation of Due Process Clause of Fourteenth Amendment
### 42 U.S.C. § 1983
### (All Defendants)

60.    Plaintiff realleges and incorporates each and every foregoing paragraph.

61.    In the manner described above, during the constitutional violations described herein, one or more of the Defendants stood by without intervening to prevent the violation of Brandon's constitutional rights, even though they had the duty and opportunity to do so.

62.    As a result of the Defendants' failure to intervene to prevent the violation of Brandon's  constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. Defendants had ample, reasonable opportunities to prevent this harm but failed to do so.

## Count Four

### *Monell* and Supervisory Liability
### Violation of Due Process Clause of Fourteenth Amendment
### 42 U.S.C. § 1983
### (Sheriff Douglas Anderson and Major Steve Martel)

63.    Plaintiff realleges and incorporates each and every foregoing paragraph.

64.    The misconduct described above was caused by the policies, practices, and customs of Defendants, in that they and their employees and agents regularly overdetain persons who are subject to release.

65.    The above-described widespread practices, which were so well settled as to constitute the *de facto* policy of the Defendants, were allowed to exist because policymakers with authority over these acts exhibited deliberate indifference to the problem, thereby effectively ratifying it.

66.    The policies, practices, and customs set forth above were the driving force behind the numerous constitutional violations in this case that directly and proximately caused Plaintiff to suffer the grievous and permanent injuries and damages set forth above.

67.    Furthermore, the widespread practices described in the preceding paragraphs were allowed to flourish because Defendants declined to implement sufficient training or any legitimate mechanism for oversight or punishment of officers and agents.

68.    Furthermore, the Avoyelles Sheriff defendants have an explicit policy of indefinite detention of inmates, regardless of their release date, until the inmate pays outstanding fees or either the Sheriff or his Chief Deputy waive those fees.

## Count Five

## Violations of Due Process of the Louisiana Constitution
### (All Defendants)

69.     Plaintiff realleges and incorporates each and every foregoing paragraph.

70.     Article One, Section Two of the Louisiana Constitution of 1974 guarantees that "[n]o person shall be deprived of life, liberty, or property, except by due process of law."

71.     By reason of the same conduct that violated Brandon's federal constitutional rights, Defendants violated his state constitutional rights to liberty and due process.

72.     This conduct resulted in Brandon's overdetention and caused the physical, emotional and pecuniary damages as described above and below.

## Count Six

## State Law False Imprisonment
### LA C.C. Article 2315
### (All Defendants)

73.     Plaintiff realleges and incorporates each and every foregoing paragraph.

74.     Legal authority to detain Brandon expired first when Judge Bennett set his ROR bond on November 13, 2018, and later on March 25, 2019, when the Judge sentenced him to credit for time previously served. The time Brandon previously served exceeded the duration of the sentence the Judge imposed. Several Defendants

were put on actual notice that Brandon really shouldn't have to actually serve any time.

75.     "The tort of false imprisonment has two essential elements: (1) detention of a person, and (2) the unlawfulness of such detention. Unlawful detention is restraint without color of legal authority." *Reese v. City of Baton Rouge*, 93-1957, p. 4 (La.App. 1 Cir. 10/7/94); 644 So.2d 674, 676.

76.     Defendants intentionally detained Brandon when they held him in Avoyelles Parish Detention Center 1 until May 14, 2019.

77.     Defendants falsely imprisoned Brandon when they unlawfully detained him.

## Count Seven

### State Law Negligence
### LA C.C. Article 2315
### (All Defendants)

78.     Plaintiff realleges and incorporates each and every foregoing paragraph.

79.     Defendants' conduct of overdetention described above caused Brandon's harms as described above and below.

80.     Due to their professional roles as jailors, Defendants owed duties to avoid overdetention to the persons in their custody, including Brandon. *Porter v. Epps*, 659 F. 3d 440, 445 (5th Cir. 2011) (a jailor has "not only the duty to protect a prisoner, but also the duty to effect his timely release.")

81.     These duties were breached by Defendants' acts and omissions, including the failure to timely release Brandon even after repeated orders by the presiding Judge. In detaining Mr. Normand without lawful authority, the Defendants acted with malice, gross negligence, and/or reckless disregard.

82.     The risks and harms that the Defendants caused were within the scope of protection afforded by the duties they owed to Plaintiff.

83.     As a result of Defendants' acts and omissions, Brandon suffered actual, foreseeable harm.

## Count Eight

### *Respondeat Superior*
### LA C.C. Article 2320
### (Sheriff Douglas Anderson)

84.     Plaintiff realleges and incorporates each and every foregoing paragraph.

85.     While committing the misconduct alleged in the preceding paragraphs, some Defendants  and others were employees, members, and agents of Sheriff Douglas Anderson and Major Steve Martel acting within the course and scope of their employment.

86.     Defendants Sheriff Douglas Anderson and Major Steve Martel are therefore liable as principals for all torts committed by their agents.

## RELIEF REQUESTED

87.    The Plaintiff requests a trial by jury.

88.    Wherefore Plaintiff requests judgment be entered against Defendants and that

the Court  grant the following:

A.    Declare that Avoyelles Parish Sheriff's Office's detention of individuals for more than 48 hours beyond the termination of any detention authority based on traffic, municipal, and/or state criminal charges, is an egregious violation of the rights enshrined in the United States Constitution;

B.    Judgment against Defendants for Plaintiff's asserted causes of action;

C.    Injunctive relief against Defendants to end their practice of overdetention to collect purported warrant and booking fees;

D.    Award Plaintiff compensatory damages, and all other damages allowed by law;

E.    Award of punitive damages;

F.    Grant Plaintiff reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, 28 C.F.R. § 35.175, and 29 U.S.C. § 794a(b) any other applicable law;

G.    Award Plaintiffs pre-judgment interest and post-judgment interest on any award of damages to the extent permitted by law; and

H.    Order such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

*(Signature on following page)*

Dated:   **February 10, 2020**

Respectfully Submitted,

By: *|s|Brett L. Grayson*

BRETT L. GRAYSON, (#06268)
850 Kaliste Saloom Rd., Suite 120
Lafayette, Louisiana 70508-4230
Telephone: (337) 706-7646
Facsimile: (337) 706-7648
Email: brett.grayson@blgraysonesq.com
ATTORNEY    FOR BRANDON
NORMAND

*Original Complaint*
**Page 24 of 24**